UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN J. RUSSEL,<br><br>  Plaintiff,<br><br>  v.<br><br>E. ARNOLD, et al.,<br><br>  Defendants. | No. 2:17-cv-1918 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for screening. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

////

**III.     Plaintiff's Allegations**

Plaintiff brings this suit against E. Arnold, Warden of California State Prison, Solano ("CSP"); Terri Turner, Commissioner of the Board of Parole Hearings ("BPH"); James Andres, Deputy Commissioner of the BPH; Bonnie Demanis, San Diego District Attorney; Phyllis Shess; San Diego Deputy District Attorney; and Edmund G. Brown, Governor of California.[1]

Plaintiff's allegations may be fairly summarized as follows:

The gravamen of plaintiff's claim is that his continued incarceration beyond his minimum eligible parole date has prevented him from being able to procreate and father a son, thereby "extirpate[ing his family] from existence." The specifics of this claim are premised on a September 2016 hearing before BPH where defendants Turner, Andres, and Shess were present. The BPH decision was a denial of parole for five years.

Plaintiff claims that Turner and Andres became aware that plaintiff's full term of incarceration was misreported by four extra years. Instead of correcting this error or releasing plaintiff, these defendants colluded with Dumanis and Shess to extend the term by another five years. Warden Arnold participated in the "extirpation of [plaintiff]'s family" by denying plaintiff family visits for over 23 years. Then-Governor Brown is liable for having formulated legislation that denied plaintiff his family visits for 23 years. Each of these defendants caused plaintiff mental anguish through their participation in his prolonged incarceration.

Plaintiff also contends that Warden Arnold "torture[d]" him by failing to provide proper bedding to prevent irreparable damage to plaintiff's spine and joints. Plaintiff claims his current bedding, which has not been changed since he was first incarcerated, has caused degeneration of "his L-spine, his T-spine, and his Cervicle spine, as well as his shoulder and hip joints which suffer from osteo Arthritis."

Plaintiff seeks damages and his immediate release from prison.

////

---

[1] Considering the age of this action, several of these individuals are no longer in these roles. For example, the California governor is now Gavin Newsom, and the CSP Warden is Robert Neuschmid.

3

# IV. Discussion

## A. Challenge to Fact or Duration of Confinement

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a [civil rights] complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). Claims falling within the "core" of habeas are those that would "necessarily lead to [the petitioner's] immediate or earlier release from confinement'"; all other claims must be brought in a civil rights action under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

To the extent plaintiff seeks to challenge the fact or duration of his sentence, his sole federal remedy is a writ of habeas corpus, and a lawsuit under 42 U.S.C. § 1983 is inappropriate. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus."). Plaintiff may not pursue an order directing his release from custody through a §1983 action.

The United States Supreme Court severely limited federal court review of state parole board hearings in Swarthout v. Cooke, 562 U.S. 216 (2011). The Court acknowledged that California law creates a liberty interest in parole protected by the Due Process Clause, which is reasonable and requires fair procedures. Id. at 219-20. Due process is satisfied where an inmate "is allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Swarthout bars any challenge to the sufficiency of the evidence to support the Board's decision. See Roberts v. Hartley, 640 F.3d at 1046 (it "makes no difference that [the petitioner] may have been subjected to a misapplication of California's 'some evidence' standard. A state's misapplication of its own laws does not provide a basis for granting" relief.); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether Board's parole denial was "substantively reasonable," or

whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outlined in [Swarthout v.] Cooke").

There are no allegations contained in the complaint to indicate that plaintiff was not provided with the minimum procedural protections outlined in Swarthout in any of his parole hearings. Plaintiff's allegations that BPH commissioners and deputy commissioners improperly denied him parole, are not cognizable under § 1983 because they assert only a violation or misinterpretation of state law. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). "To the extent that the violation of a state law amounts to the deprivation of a state created liberty interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

Accordingly, plaintiff has failed to allege sufficient facts to show that his rights were violated when he was denied parole. Insofar as he seeks release from prison, he must proceed by way of a habeas action.

**B. Right to Procreation**

Plaintiff attempts to impose liability on the warden for having continually incarcerated plaintiff for 23 years, resulting in plaintiff's inability to father a child. This claim must be dismissed without leave to amend because plaintiff does not have a right to procreate while in prison. Gerber v. Hickman, 291 F.3d 617, 621-22 (9th Cir. 2002).

**C. Absolute Immunity**

**a. Commissioners**

Two of the defendants named in the complaint are identified by plaintiff as commissioners for the BPH. BPH commissioners are state officers entitled to Eleventh Amendment immunity when acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). BPH commissioners, who exercise

quasi-judicial responsibilities in rendering parole decisions, are absolutely immune from damages liability in their official capacities. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); cf. Swift v. California, 384 F.3d 1184, 1186, 1191 (9th Cir. 2004) (parole officers not entitled to absolute immunity for conduct independent of Board's decision-making authority, e.g., in performing investigatory or law enforcement functions).

Because parole board officials are entitled to absolute immunity when rendering a parole decision, Sellers, 641 F.2d at 1302, plaintiff fails to state a cognizable claim against the defendants identified as parole board commissioners and deputy commissioners. These defendants must therefore be dismissed.

### b. Prosecutors

Plaintiff also names two defendants who served as district attorneys involved in the 2016 parole decision. These individuals, too, are absolutely immune from suit. Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 750 (9th Cir. 2009) (holding that prosecutors should be afforded absolute immunity for parole recommendations because parole decisions are a continuation of the sentencing process). These defendants must therefore also be dismissed.

### D. Eleventh Amendment Immunity

In addition, plaintiff names former-Governor Brown as a defendant for his role in promulgating laws regarding parole. Since there is no allegation that this individual personally participated in the alleged deprivation of plaintiff's rights, the Court must assume that plaintiff is proceeding against this individual in his official capacity. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Naming a government official in his official capacity is the equivalent of naming the government entity itself as the defendant. Id.

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). State officials sued in their official capacity for damages are not persons for purposes of § 1983, except when sued for prospective declaratory or injunctive relief. Hafer v. Melo, 502 U.S. 21, 27 (1991); Pennhurst State Sch. & Hosp. v. 44 Halderman, 465 U.S. 89, 102-06 (1984); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007). In an official-

capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer, 502 U.S. at 25; Graham, 473 U.S. at 166. The state official must have a direct connection with the enforcement of the act; "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012).

A governmental agency that is an arm of the state is not a person for purposes of § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990). To determine whether a governmental agency is an arm of the state, the court should "look to state law and examine 'whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only in the name of the state, and the corporate status of the entity.'" Hale v. Arizona, 993 F.2d 1387, 1399 (9th Cir. 1993) (en banc) (quoting Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988)).

Plaintiff only alleges a generalized role in promulgating a law, which is barred by the Eleventh Amendment. See, e.g., Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp., 235 F. Supp. 3d 1132, 1155 (E.D. Cal. 2017) (holding that plaintiff did not state an official capacity claim against Governor Brown for a California permitting process) (citing Association des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013) (finding Governor Brown was entitled to Eleventh Amendment immunity with respect to claims for prospective injunctive relief based on his alleged involvement in administering a state law plaintiffs claimed was unconstitutional, because "his only connection to [the relevant statute] is his general duty to enforce California law"); National Audubon Soc., Inc. v. Davis, 307 F.3d 835, 847 (9th Cir. 2002) (finding that "suit is barred against the Governor ... as there is no showing that they have the requisite enforcement connection"); cf. Artichoke Joe's v. Norton, 216 F. Supp. 2d 1084, 1110 (E.D. Cal. 2002) (holding that Governor Brown was subject to suit under Ex parte Young where the plaintiff alleged "a specific connection to the challenged statute," in that the

governor "negotiated and approved the compacts that give rise to the plaintiffs' alleged injuries"), aff'd 353 F.3d 712 (9th Cir. 2003)).

Therefore, plaintiff fails to state a claim against the fomer Governor in his official capacity.

**E. Conspiracy**

Plaintiff alleges that the named defendants participated in a conspiracy to deny his release on parole. In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Pnahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

"Conspiracy" is not a stand-alone claim. A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).

Here, plaintiff concludes that the defendants conspired to deny him parole and extend the term of his incarceration. To state a claim, plaintiff must plead facts showing which defendants conspired, how they conspired, and how the conspiracy led to a deprivation of his constitutional rights. See Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997).

8

Plaintiff has not met these requirements.

**F. Eighth Amendment Medical Indifference**

Lastly, in a brief paragraph seemingly unrelated to the rest of the allegations in the complaint, plaintiff accuses the CSP Warden of providing him with an inadequate mattress that has resulted in pain and injury.

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Plaintiff's allegations are simply bare to state a claim. At the very least, plaintiff was required to include allegations showing that the CSP Warden was aware of plaintiff's medical problems or need for new bedding. Without such knowledge, there can be no showing of deliberate indifference.

This claim must therefore be dismissed.

**V.     Conclusion**

In summary, plaintiff's complaint does not state a claim. The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects to the extent he believes in good

faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the latter option is chosen, the undersigned will issue findings and recommendations to dismiss all claims, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiff is also forewarned that he may not rely solely on attachments and exhibits. Instead, he must set forth the facts in the body of the complaint and describe the significance of any attachments.

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form;

4. Within thirty (30) days from the date of service of this order, plaintiff must:

    a. File a notice of dismissal;

    b. File an amended complaint curing the deficiencies identified by the Court in this order, or

    c. Notify the Court in writing that he wishes to stand on his complaint as written; and

5. If plaintiff fails to comply with this order, the undersigned may recommend the action be dismissed for failure to obey a court order and failure to prosecute.

Dated: June 3, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/russ1918.scrn